PLANNING RESEARCH
CORPORATION,
Plaintiff,

v.

The UNITED STATES, Defendant,

and

Calculon Corporation, Intervenor.

No. 605–83C.

United States Claims Court.

Dec. 1, 1983.

John T. Boese, Washington, D.C., for plaintiff; Richard H. Wyron and Kenneth S. Kramer, Washington, D.C., of counsel.

Thomas W.B. Porter, with whom is Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Margaret E. McCloskey, Washington, D.C., of counsel.

David V. Anthony, Washington, D.C., for intervenor; Irving Jaffe and James D. Warren, Washington, D.C., of counsel.

ORDER MODIFYING PROTECTIVE ORDER AND LIMITING DISCOVERY

SETO, Judge.

In this pre-award contracts case, plaintiff and intervenor have filed Motions for Modification of this court's Order and Protective Order issued November 18, 1983. At the hearings on these motions, the defendant orally submitted a third motion, asking for entry of a Protective Order denying plaintiff leave to depose certain officials and employees of the Department of Energy.

Because of the high public interest in assuring a speedy and proper award of a Government contract so as to ensure an uninterrupted availability of services or goods, we have had to proceed on a highly expedited schedule. In view of this expedited schedule, the court issues the following Order; the court will file a Memorandum of Order outlining the underlying rationale for this order shortly.

It is hereby ORDERED that:

1. The Order of November 18, 1983, is hereby modified by deleting paragraph 3 on page 3 in its entirety, and substituting therefor the following:
"3. Attendance at the hearing scheduled for December 13 through December 16, 1983, shall be limited to those persons named or designated in paragraph 4(a) of the Protective Order issued on even date herewith, and such other persons as the court may deem proper, under such conditions as determined by this court and pursuant to applicable law;"

2. The Protective Order of November 18, 1983, is hereby modified by deleting from paragraph 3 the phrase "and only during the week of November 28 through December 2.", and inserting therefor the phrase "and access thereto shall continue only until the close of business on Friday, December 16, 1983." The remainder of that paragraph shall be unchanged.

3. The Protective Order issued by this court on November 18, 1983, is hereby modified as follows:
a. Paragraph 4(a)(iii) is modified to read: "For Defendant: Thomas W.B. Porter and Margaret E. McCloskey and two staff/clerical employees of the Department of Justice and persons directly employed by the Department of Energy; and";
b. Paragraph 4(c) is deleted in its entirety; and
c. The first sentence of paragraph 6 is modified to read: "The documents and information described above shall not in any manner, directly or indirectly, be transferred or communicated, orally or in writing or otherwise, to any person not herein named or designated, other than as set forth herein or by further Order of this court." The remaining two sentences of paragraph 6 are unchanged.

4. Paragraph 9 of the Protective Order of November 18, 1983, is hereby modified to read as follows:
"9. No person named or designated in this Order, and no person or witness

who, under this Order or any future modifications hereof, has had communicated to him or her any information contained in or derived from any sealed submission filed in this action, or presented at any hearing in this action, shall hereafter, in any manner, directly or indirectly, by any means whatsoever, be allowed to participate in any way in any future negotiations concerning RFP DE–RPO1–83MA32400 and/or the contract contemplated as a result thereof. This paragraph shall not apply to employees of the Department of Energy still employed by that Department at the time of said negotiations."

5. Discovery in preparation for the hearing scheduled to begin December 13, 1983, shall be limited to review, under the conditions set forth in the November 18, 1983, Protective Order (as modified), of the documents filed under seal pursuant to that Protective Order, i.e., no depositions shall be allowed of any of the persons employed by the Department of Energy involved in the evaluation or subsequent decision regarding the proposed bids involved in this action.

IT IS SO ORDERED.